E-filing     AD **ORIGINAL**

BY FAX

Tammy Hussin (Bar No. 155290)
Lemberg & Associates LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Iris Alvarado and Eulises Flores

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Iris Alvarado and Eulises Flores,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Co-operative Adjustment Bureau, Inc.; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: CV12-02691<br><br>**COMPLAINT FOR DAMAGES**<br>1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;<br>2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiffs, Iris Alvarado and Eulises Flores, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Iris Alvarado and Eulises Flores (hereafter "Plaintiffs"), are adult individuals residing in East Palo Alto, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Co-operative Adjustment Bureau, Inc. ("Co-operative"), is a California business entity with an address of 360 Civic Drive, Suite B, Pleasant Hill, California 94523, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Co-operative and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Co-operative at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.  **The Debt**

8. The Plaintiffs allegedly incurred a financial obligation in the approximate amount of $3,341.90 (the "Debt") to Arbors AT Mountain View (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Co-operative for collection, or Co-operative was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Co-operative Engages in Harassment and Abusive Tactics**

12. Within the last year, Co-operative contacted Plaintiffs in an attempt to collect the Debt.

13. Co-operative placed calls to a third party, Vera, in an attempt to collect the Debt. Vera is not a co-signer for the Debt and is in no way associated with the Debt.

14. Co-operative placed several calls to the above mentioned third party after Co-operative had been in contact with Plaintiffs and knew the location information of Plaintiffs.

15. During several conversations with Plaintiffs, Co-operative failed to inform Plaintiff that the communication was an attempt to collect the Debt and that all information obtained would be used for that purpose.

16. During several conversations with Co-operative, Plaintiffs disputed the Debt and stated that they did not believe they were responsible for its repayment.

17. Co-operative stated to Plaintiffs that it was "illegal" for them to ignore their financial obligations, insinuating that Plaintiffs had committed a crime or could be arrested for failure to pay the Debt.

18. Co-operative threatened to immediately garnish Plaintiffs' wages unless the Debt was immediately paid. At the time Co-operative made the threat, it had no legal authority or present ability to affect a wage garnishment.

19. In a letter dated February 15, 2012 from Co-operative, Plaintiffs are told that Co-operative has "verified the employment of the persons responsible for the Debt" and states "Either you act or we will." The letter caused Plaintiffs to believe that their wages could be immediately garnished unless the Debt was immediately paid.

20. Out of fear of being garnished, Plaintiffs made a payment to Co-operative in the amount of $182.00.

## C.  Plaintiffs Suffered Actual Damages

21. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

24. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants contacted third parties for purposes other than to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

26. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28. The Defendants misrepresented the legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

29. The Defendants threatened the Plaintiffs with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

30. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

32. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

35. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

37. Co-operative Adjustment Bureau, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

38. The Defendants threatened the Plaintiffs with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

39. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

40. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

41. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

45. The Defendants intentionally intruded upon Plaintiffs' right to privacy by continually harassing Plaintiffs with above referenced telephone calls.

46. The telephone calls made by the Defendants to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the

plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

47. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from the Defendants.

49. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

51. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

52. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of California.

53. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

54. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

55. Plaintiffs did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

56. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of California.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

   B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

   C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

   D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: May 25, 2012                     TAMMY HUSSIN

By: /s/ Tammy Hussin
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiffs Iris Alvarado and Eulises Flores